# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.

————————————

No. 3D20-1712
Lower Tribunal No. 16-14544

————————————

**Azran Miami 2, LLC,**
Appellant,
vs.
**US Bank Trust, N.A., etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Jacobs Legal PLLC, and Bruce Jacobs, for appellant.

Locke Lord LLP, and Steven J. Brotman (West Palm Beach), for appellee.

Before EMAS, GORDO and LOBREE, JJ.

————————————

No. 3D21-606
Lower Tribunal No. 12-38811

————————————

**Joseph T. Buset,**
Appellant,
vs.
**HSBC Bank USA, National Association, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellant.

Greenberg Traurig, P.A., and Kimberly S. Mello and Arda Goker (Orlando), for appellee.

Before EMAS, LOGUE and LOBREE, JJ.

_____

Nos. 3D21-1300, 3D21-1304, 3D21-1311 & 3D21-1320
Lower Tribunal No. 18-37059
_____

**Carrington Mortgage Services, LLC, et al.,**
**Petitioners,**
**vs.**
**Julie Nicolas, et al.,**
**Respondents.**

Cases of Original Jurisdiction – Prohibition.

Akerman LLP, and Nancy M. Wallace (Tallahassee); Akerman LLP, and William P. Heller (Fort Lauderdale); Akerman LLP, and Eric M. Levine (West Palm Beach), for petitioner Nathaniel Callahan; Bradley Arant Boult Cummings LLP, and Lauren G. Raines and Sara D. Accardi (Tampa); Bradley Arant Boult Cummings LLP, and Marc James Ayers and Stephen C. Parsley (Birmingham, AL), for petitioner Carrington Mortgage Services, LLC; Polsinelli PC, and Brendan I. Herbert and Henry H. Bolz IV, for petitioner The Bank of New York Mellon; Liebler, Gonzalez & Portuondo, and Adam J. Wick, for petitioner Bank of America, N.A.

Jacobs Legal, PLLC, and Bruce Jacobs; Wasson & Associates, Chartered, and Roy D. Wasson, for respondent Julie Nicolas.

Before EMAS, LOGUE and LOBREE, JJ.

No. 3D21-1869
Lower Tribunal No. 19-10810
_____

**The Bank of New York Mellon, etc.,**
**Petitioner,**
**vs.**
**Regis Bontoux, et al.,**
**Respondents.**

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Akerman LLP, and Nancy M. Wallace (Tallahassee); Akerman LLP, and William P. Heller (Fort Lauderdale); Akerman LLP, and Eric M. Levine (West Palm Beach), for petitioner.

Jacobs Legal, PLLC, and Bruce Jacobs, for respondent Regis Bontoux.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

PER CURIAM.

**CONSOLIDATED ORDER IMPOSING SANCTIONS**

**INTRODUCTION**

In four separate appeals, this court issued individual orders directing Bruce Jacobs, Esquire, Florida Bar Number 116203, of Jacobs Legal, PLLC, to show cause why this court should not impose sanctions upon him for specified actions and conduct that violated the Florida Rules of Appellate Procedure and/or Rules Regulating the Florida Bar. Given the

contemporaneity and similarity of the conduct engaged in by Mr. Jacobs, we have consolidated these four matters solely for the purpose of addressing and disposing of the previously issued orders to show cause.

**BACKGROUND**

The four orders to show cause are summarized as follows:

**A.** **Carrington Mortgage Services, LLC v. Julie Nicolas, 3D21-1300, 3D21-1304, 3D21-1311 and 3D21-1320**

*Order to Show Cause issued January 11, 2022* (by Clerk's Order) directing Bruce Jacobs, Esq., Florida Bar Number 116203, of Jacobs Legal, PLLC to show cause why sanctions should not be imposed upon him for failing to comply with the Florida Rules of Appellate Procedure and with the professional norms governing appeals in filing the Motion for Rehearing En Banc ("the Motion"), which conduct includes the following:

1. The legal arguments asserted in the Motion are frivolous in that they do not support a motion for rehearing en banc.

2. The Motion improperly impugns the integrity of this Court, opposing counsel, and the Florida Bar, among others without any relevance to the legal matter at issue in a motion for rehearing en banc.

3. Citations to the record in the Motion do not support the facts for which they are cited.

4. Cases cited in the Motion do not support the legal propositions for

4

which they are cited.

5. Although 604 pages long, the Appendix to the Motion fails to contain a paginated index, bookmarks, or even consecutive pagination in violation of Florida Rule of Appellate Procedure 9.220(c), and the absence of these organizing features either intentionally or unintentionally enables and conceals mis-citations to the record.

6. The Appendix to the Motion includes documents generated after the order under review in violation of the fundamental principle that "[t]he appellate record is limited to the record presented to the trial court." Rutherford v. Moore, 774 So. 2d 637, 646 (Fla. 2000).

7. The Appendix to the Motion, includes circuit court orders that have been vacated and the Motion fails to so indicate.

## B. Azran Miami 2, LLC v. US Bank Trust, N.A., 3D20-1712

*Order to Show Cause issued January 26, 2022*, see 47 Fla. L. Weekly D279 (Fla. 3d DCA Jan. 26, 2022), directing Bruce Jacobs, Esq., Florida Bar Number 116203, of Jacobs Legal, PLLC to show cause why sanctions should not be imposed upon him for violating the Florida Rules of Appellate Procedure, which conduct includes the following:

1. In his Motion to Certify Conflict, Request for Written Opinion, Motion for Rehearing, and/or Motion for Rehearing En Banc ("the

5

Motion") Mr. Jacobs filed twelve separate appendices, totaling 3,469 pages (unpaginated and unindexed), comprised of documents that are outside the record on appeal, regard events or proceedings occurring after Mr. Jacobs filed his notice of appeal in this cause, and are otherwise unrelated to the instant appeal. Mr. Jacobs failed to seek leave of court before filing these documents, and it appears there would have been no proper basis for granting leave had it been sought.

2.     In filing the Motion, Mr. Jacobs violated Florida Rule of Appellate Procedure 9.330(a), which provides: "A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its order or decision. The motion shall not present issues not previously raised in the proceeding." See also Rule 9.330, 2000 amend. comm. note (providing that a motion for rehearing "should be utilized to bring to the attention of the court points of law or fact that it has overlooked or misapprehended in its decision, not to express mere disagreement with its resolution of the issues on appeal"). Mr. Jacobs violated Rule 9.330(a), and the case law applying that rule, by alleging in the Motion:

   a. The trial court denied Mr. Jacobs' motion to vacate an earlier judgment "in deference to shadow rulings of this Court."

6

b. This Court has created a "shadow body of law that allows banks to commit fraud."

c. "The panel decision is already being paraded about by attorneys engaged in this systemic fraud as controlling law that grants a privilege to commit systemic fraud when it states no facts."

d. "[T]he panel ruling perpetuates a shadow law that banks are above the constitution and can commit fraud with impunity."

e. This court's issuance of a citation per curiam affirmed opinion in this case constitutes "an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice."

3.      In his Motion, Mr. Jacobs took one or more frivolous positions, or made one or more arguments in bad faith, in violation of Florida Rule of Appellate Procedure 9.410(a) (providing that the court "may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other documents that is frivolous or in bad faith"). The frivolous positions taken, or arguments made in bad faith, include:

a. The basis offered by him in his Motion for seeking this court's certification of express and direct conflict.

b. Quoting from and relying upon—as ostensible support for his legal position—a 2018 trial court order issued in an unrelated case, when that 2018 order was vacated in 2018 by the circuit court judge who issued it.

7

c. Including, in the appendix to his Motion, a 2019 trial court order issued in an unrelated case, when in fact this court had already quashed that trial court order in a 2019 opinion. See U.S. Bank, N.A. v. Zayas, 290 So. 3d 972 (Fla. 3d DCA 2019). The appendix filed by Mr. Jacobs in support of his Motion failed to contain this court's 2019 opinion quashing that trial court order, and Mr. Jacobs failed to disclose in his Motion the fact that the 2019 trial court order relied upon by him was quashed by this court.

## C. **The Bank of New York Mellon v. Regis Bontoux, 3D21-1869**

*Order to Show Cause issued March 16, 2022*, see 47 Fla. L. Weekly D653 (Fla. 3d DCA Mar. 16, 2022), directing Bruce Jacobs, Esq., Florida Bar Number 116203, of Jacobs Legal, PLLC to show cause why sanctions should not be imposed upon him for filing a Motion for Rehearing En Banc ("the Motion") that violated the Florida Rules of Appellate Procedure and the Rules Regulating the Florida Bar, which conduct includes the following:

1. Mr. Jacobs filed an appendix comprised of documents that are outside the record on review, addressing events or proceedings that occurred after the trial court entered the order on review, and are otherwise unrelated to the instant petition. Mr. Jacobs did not seek leave

8

of court to file these documents, and it appears there would have been no proper basis for the court to grant such leave.

2. In his Motion, Mr. Jacobs contends that this case is of exceptional importance because it deals with a deprivation of a constitutional right. Florida Rule of Appellate Procedure 9.331(d)(1) which provides that "a party may move for an en banc rehearing solely on the grounds that the case or issue is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions. A motion on any other ground shall be stricken." Fla. R. App. P. 9.331(d)(1). Mr. Jacobs' Motion, however, fails to show how this Court's opinion quashing a discovery order that failed to comply with the Florida Rules of Civil Procedure deprived his client of any of his constitutional rights.

3. In the Motion, Mr. Jacobs takes one or more frivolous positions or makes one or more arguments in bad faith. Florida Rule of Appellate Procedure 9.140(a) states that a court "may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other documents that is frivolous or in bad faith." One example of the frivolous or bad faith nature of Mr. Jacobs' Motion is the reliance on a vacated, and therefore legally null, circuit court order. Mr. Jacobs

9

acknowledges that the order is vacated but fails to adequately explain why he would rely on a vacated order in an unrelated case or why this Court should rely on it as persuasive authority. Mr. Jacobs also relies on orders that were reversed by this Court without explaining why this Court should rely on them as authority for the legal propositions advanced by him.

4. Mr. Jacobs recklessly impugns and disparages the judges of this Court and certain judges of the circuit court, by alleging the following in the Motion for Rehearing En Banc:

a. This Court initiated contempt proceedings against Mr. Jacobs, "[d]espite the clear evidence establishing the truth of these [fraud] allegations."

b. "The panel judges also showed bias by commenting on motions to disqualify [Mr. Jacobs] . . . ."

c. The panel "initiated contempt proceedings for criticizing the court and failed to recuse themselves as required . . . ."

d. Mr. Jacobs is "a victim of the Third DCA's abuse of its contempt powers. . . ."

e. "It is self-evident that . . . [Mr. Jacobs'] clients are not before a fair and impartial tribunal [as] guaranteed by the constitution."

f. This Court needs to "search its soul."

g. A named circuit court judge "refused to disqualify herself until she entered orders that seriously injured the client's rights and the integrity of the judicial process."

10

h. This Court "has taken no action required by the Judicial Canons against [the named circuit court judge] for [their] gross misconduct."

i "[T]here is a question whether this Honorable Court is fair and impartial when it refuses to act against clear misconduct and manufactures contempt charges against the attorney who has uncovered systemic fraud upon the court by [the Bank] and their counsel. The judicial canons and the constitution do not permit such an abuse of power."

j. This Court's January 11, 2022, order in <u>Carrington Mortgage v. Julie Nicolas</u>, 3D21-1300, directing Mr. Jacobs to show cause why he should not be subject to sanctions for failing to comply with the Rules of Appellate Procedure and professional norms is an "abuse of power."

k. "The court below violated the clear admonition 'to avoid any appearance of vindictiveness if the defendant chooses to exercise certain rights.'"

l. This Court has failed to take appropriate action where it "has 'received information' and has 'actual knowledge that substantial likelihood exists that judges have committed a violation of this Code.'"

m. This Court's attempt to "disbar" Mr. Jacobs "is unconstitutional, inequitable, and unjust."

n. "[There is a problem] when a court has actual knowledge [a party] committed felonies and fraud upon the court, [and] decides to attack the whistleblower attorney who defended against the fraud."

o. This Court has entered "orders that violate the constitution as Mr. Jacobs' African American and Jewish clients believe the court below has repeatedly done."

p. "[S]ome judges [have a penchant] to blindly accept the self-serving assertions of financial institutions."

q. "[T]he court below violated the judicial canons, allowed banks and

powerful special interests and their counsel to violate The Florida Bar Rules with impunity, and knowingly deprived foreclosure defendants of their Fifth Amendment rights by depriving them of their property without due process of law."

r. Mr. Jacobs' Motion accuses the "JQC not prosecuting judges for serious misconduct."

s. "The panel violated the judicial canons and undermined the integrity of the judiciary."

t. "[T]he panel's overriding personal bias against [Mr. Jacobs] has deprived [Bontoux] of a fair and impartial appellate review."

u. "[T]he panel deprived Mr. Bontoux of the right to due process of law before a fair and impartial tribunal."

v. This Court's panel "refuses to honor the judicial canons, including upholding the law, protecting the constitutional rights of homeowners, and granting disqualification when there is evidence of bias that requires disqualification."

## D. **Joseph T. Buset v. HSBC Bank USA, 3D21-606**

*Order to Show Cause issued June 8, 2022*, see 47 Fla. L. Weekly D1219 (Fla. 3d DCA June 8, 2022), directing Bruce Jacobs, Esq., Florida Bar Number 116203, of Jacobs Legal, PLLC to show cause why sanctions should not be imposed upon him for filing a motion that is frivolous, in bad faith, and/or violated the Rules of Appellate Procedure and the Rules Regulating the Florida Bar, which conduct includes the following:

1. Mr. Jacobs violated Florida Rule of Appellate Procedure 9.330(a)(2)(A), which provides: "A motion for rehearing shall state with

12

particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its order or decision. The motion shall not present issues not previously raised in the proceeding."

2. Mr. Jacobs takes one or more frivolous positions, or makes one or more arguments in bad faith, in violation of Florida Rule of Appellate Procedure 9.410(a) (providing that court "may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other document that is frivolous or in bad faith").

3. Mr. Jacobs' Motion was filed after the issuance of orders in unrelated cases directing Mr. Jacobs to show cause why he should not be subjected to sanctions including, but not limited to, the issuance of a reprimand and the imposition of attorney's fees for similarly, improperly impugning the integrity of this court, opposing counsel, and the Florida Bar in Carrington Mortgage Services, LLC v. Nicholas, Nos. 3D21-1300, 3D21-1304, 3D21-1311, and 3D21-1320 (Jan. 11, 2022), Azran Miami 2, LLC, No. 3D20-1712, 47 Fla. L. Weekly D279 (Fla. 3d DCA Jan. 26, 2022) and Bank of New York Mellon v. Bontoux, No. 3D21-1869, 47 Fla. L. Weekly D653, D654 (Fla. 3d DCA Mar. 16, 2022).

4. Mr. Jacobs again recklessly impugns and disparages the judges of

this court and certain judges of the circuit court, in filing his motion containing, among others, the following statements:

  a.  "This Court Has a Pattern of Violating the Judicial Canons By Refusing to Disqualify Itself When it is Obvious the Court is Not Fair or Impartial[.]"

  b. "It is self-evident that the right to a meaningful hearing is denied when the Court refuses to recuse itself, refuses to follow the law, knowingly deprives homeowners of their property without due process, and then attempts to disbar the lawyer for exercising his first amendment right to expose corruption in the courts. This is not North Korea, Cuba, Russia or some third world country. This is a major city in the United States of America."

  c. "The Judges of the Third DCA should be removed from Mr. Jacobs['] cases and disbarred for violating the judicial canons, abusing their judicial powers, and knowingly depriving people of their constitutional rights."

  d.  "It is self-evident this Court will never rule in favor of a homeowner no matter what level of unclean hands the defendant can establish. This Court has dishonestly affirmed or dismissed appeals raising systemic tax evasion, fraud, perjury, forgery, racketeering, destruction of evidence, backdating records, and defiance of court orders."

  e.  "The Court's lack of integrity is so obvious that no one following [Mr. Jacobs'] 100+ appeals would ever believe there is 'no objective reason' to question the impartiality of the court. Yet, the judges on this court cover for each other as they corruptly abuse their powers to hold Buset's counsel in contempt."

  f. "Buset's counsel has uncovered more evidence of judicial corruption involving [a judge of this court, two named circuit judges], and the rest of the Third DCA."

  g.  "[A named circuit judge] has a pattern in all the cases Mr. Jacobs presents admissions of forgery, perjury or fraud. He

14

refuses to set the motions for hearings for years, before eventually denying them summarily."

5. Mr. Jacobs' Motion contains allegations regarding an unrelated case, also unrelated to the issues in the motion, where a former trial judge who is now a member of this court issued a sanctions order, then allegedly refused to start contempt proceedings. Mr. Jacobs accuses the judge of engaging in

> "a show to gain political leverage to secure [a] seat on the Third DCA. . . . It was a total dereliction of duty. . . . It was not long before [this judge] joined . . . dishonest brethren and began to abuse the 'pca' to affirm cases with obvious fraud, just like this case."

6. Mr. Jacobs' Motion alleges that a judge of this court sat as an appellate judge on another unrelated case where that judge had denied relief as a trial judge and

> "adopted her own ruling. It is a clear violation of the judicial canons [for a judge to] rule on an appeal that the judge ruled on at the lower tribunal."

> Premised upon this allegation, Mr. Jacobs' Motion further alleges:

> "The rest of the Third DCA judges were obligated by the judicial canons to "take appropriate action" against [the judge referenced in paragraph h, supra] for violating her own canons. Instead, the Third DCA covered it all up. The docket is scrubbed clean of the judge's] name. The opinion apparently now has a different author. The order of disqualification was hidden in a different Third DCA case number that did not mention [the judge] by name. Even Westlaw shows [the judge] had nothing to do with affirming her own trial court decision."

15

7. Mr. Jacobs' Motion further alleges:

"The lack of integrity to give the powerful unchecked power cultivated by the Third DCA is spilling over into areas that have nothing to do with foreclosure."

8. Mr. Jacobs' Motion contains multiple pages discussing pending show cause proceedings issued in cases which are not related to the decision in this case or provide any basis to certify conflict, request a written opinion, or move for rehearing or rehearing en banc.

9. Citing Florida Standards for Imposing Lawyer Sanctions 5.2, Mr. Jacobs' Motion asserts:

"[A] judge that knowingly uses their powers to benefit themselves, injure a party, or injure the integrity of the proceedings should be removed from the bench and disbarred. Respectfully, this Court has become so obviously corrupt that Mr. Jacobs has filed a formal complaint with the FBI. The Court is working in concert with Bank of America, JP Morgan Chase, and others to deprive homeowners of their property without due process under color of law. This violates the Ku Klux Klan Act of 1871. It violates federal and state law. It violates biblical law."

10. Mr. Jacobs' Motion alleges that this court's issuance of a citation per curiam affirmed opinion in this case constitutes "an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice."

**DISCUSSION**

Following our review of Mr. Jacobs' responses to the orders to show

16

cause issued in the above cases, we conclude that Mr. Bruce Jacobs, Esquire, Florida Bar Number 116203, of Jacobs Legal, PLLC, has failed to show good cause why this court should not impose sanctions upon him. We further find that Mr. Bruce Jacobs, of Jacobs Legal, PLLC, has repeatedly violated the Florida Rules of Appellate Procedure and Rules Regulating the Florida Bar.

We note that, on more than one prior occasion, we have imposed sanctions on Mr. Jacobs for similar misconduct. See Bank of America, N.A. v. Atkin, 305 So. 3d 305, 307 (Fla. 3d DCA 2018) ("This court finds there is a reasonable basis to conclude that Mr. Jacobs and Jacobs Legal, PLLC violated 4-8.2(a)."); Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l Ass'n, 2018 WL 6344710, at *1 (Fla. 3d DCA Dec. 5, 2018) ("[T]his court finds that Mr. Jacobs violated Rule 4-8.2(a), Rules Regulating the Florida Bar, by impugning the qualifications or integrity of the judges of this court and of the trial court."). There can be little doubt those prior proceedings placed Mr. Jacobs on notice that the conduct engaged in here would subject him to sanctions. In fact, in his November 1, 2018 response to the show cause order in Aquasol, Mr. Jacobs "apologize[d] for his inappropriate comments impugning the integrity of the judiciary", indicated he "did not understand that his conduct could be viewed as violating Fla. Bar Rule 4-8.2(a)", explained that he now "fully understands the nature and wrongfulness of his conduct", professed that "he stands deeply

remorseful and apologetic to the Court for his actions", and assured this court that he "has sought mentoring and professional guidance from peers about his self-generated unprofessionalism."

Nevertheless, during the nearly four years that followed, Mr. Jacobs has continued to engage in what has proven to be a persistent and escalating pattern of similar misconduct.

To be clear, the issue before us is not whether a bank or lender that is a party to these appeals engaged in misconduct, but whether Mr. Jacobs has engaged in misconduct. Indeed, it is certainly possible that Mr. Jacobs may at some point be able to prove the claims of misconduct he so vociferously ascribes to the bank or lender in each of these consolidated matters. However, those claims, like any other claim raised in a lawsuit, must be presented and established in a manner consistent with the substantive laws and procedural rules that uniformly govern our justice system, and must ultimately be supported by admissible evidence directed to the specific case at hand. Those claims will be tested by an opposing party, resolved in the normal course in the trial court, and reviewed by an appellate court.

The issue that is before us is whether Mr. Jacobs can be permitted to engage in the misconduct described above: filing frivolous and bad-faith motions and leveling false, malicious and meritless accusations against

18

adverse parties, opposing counsel and judges alike, after a trial court or an appellate court has rejected Mr. Jacobs' claims and arguments. The answer is, self-evidently, no. Such misconduct will not—cannot—be ignored or condoned, regardless of Mr. Jacobs' assertion that it is borne of some righteous intent. Simply put, the ends do not justify the means. Were it otherwise, any attorney could engage in such frivolous and malicious attacks, secure in the knowledge that their steadfast belief in the righteousness of their cause will provide safe harbor, escaping accountability for subverting the very integrity of our justice system and flouting the rules and code of conduct every Florida attorney has sworn to uphold and abide by.

As the Florida Supreme Court observed in The Florida Bar v. Buckle, 771 So. 2d 1131, 1133-34 (Fla. 2000):

> We must never permit a cloak of purported zealous advocacy to conceal unethical behavior. At the same time, we must also guard against hollow claims of ethical impropriety precluding proper advocacy for a client. This Court has recognized that "ethical problems may arise from conflicts between a lawyer's responsibility to a client and the lawyer's special obligations to society and the legal system.... 'Such issues must be resolved through the exercise of sensitive professional and moral judgment guided by the basic principles underlying the rules.' " Florida Bar v. Machin, 635 So.2d 938, 940 (Fla.1994) (quoting the Preamble to the Rules of Professional Conduct).

> Certainly, the principles underlying the rules include basic fairness, respect for others, human dignity, and upholding the quality of justice. Zealous advocacy cannot be translated to mean win at all costs, and although the line may be difficult to

19

establish, standards of good taste and professionalism must be maintained while we support and defend the role of counsel in proper advocacy. In corresponding with persons involved in legal proceedings, lawyers must be vigilant not to abuse the privilege afforded them as officers of the court. A lawyer's obligation of zealous representation should not and cannot be transformed into a vehicle intent upon harassment and intimidation.

## **CONCLUSION**

Upon consideration, this court imposes the following sanctions upon Bruce Jacobs, Esquire, Florida Bar Number 116203 of Jacobs Legal, PLLC, for violations of Rule 4-8.2(a), Rules Regulating the Florida Bar and Rule of Appellate Procedure 9.410(a):

1. We formally refer each of these matters to the Florida Bar for appropriate disciplinary proceedings against Bruce Jacobs, Esquire.

2. We award the opposing party, in each of the above proceedings, a reasonable attorney's fee in an amount not to exceed $5000 (a total maximum amount of $35,000[1]) for services rendered by counsel for

---

[1] There are actually seven consolidated proceedings that are the subject of this order. In <u>Carrington Mortgage Services, LLC v. Julie Nicolas</u>, we consolidated related Case Numbers 3D21-1304, 3D21-1311 and 3D21-1320 into Case Number 3D21-1300 for all appellate purposes. Each petitioner in those consolidated proceedings filed a response to Mr. Jacobs' motion for rehearing en banc.

each opposing party in responding to Mr. Jacobs' post-opinion motions seeking rehearing, rehearing en banc, certification and/or issuance of written opinion. We remand this cause to each of the respective trial courts to fix the amount. Bruce Jacobs, Esq. and Jacobs Legal, PLLC, shall be jointly and severally responsible for payment of the reasonable attorney's fee.

It is so ordered.